MARY M. MOODY, Respondent, v. SAMUEL H. MOODY
AND EFFIE, his Wife, Appellants.

*Action to set aside a deed as a cloud upon title — when defendant may show that
plaintiff's deed was procured by fraud — The right to avoid. a deed passes to
the heirs, grantees and devisees — Adverse possession.*

December 9, 1876, John Moody executed a deed of certain land to plaintiff, who
at once went into possession of the premises conveyed. On January 31, 1877,
he executed a second deed of the same land to defendants, which latter deed
was recorded before that of the plaintiff. In an action by plaintiff to set
aside the second deed as a cloud upon his title, *held*, that the defendants might
allege and prove, as a counter-claim, that the plaintiff's deed was fraudulently
procured, and ask to have the same set aside.

The right to set aside a conveyance on equitable grounds descends to the grant-
or's heirs, and passes to his grantees and devisees.

A possession under a deed procured through fraud is not adverse within the
meaning of the act against champerty.

APPEAL from a judgment in favor of the plaintiff, entered upon
the trial of this action by the court without a jury, and from an
order denying a motion for a new trial, made upon the minutes
of the justice before whom the action was tried.

On December 9, 1876, one John Moody conveyed a lot on the
south side of Flushing avenue, in Long Island City, to Mary M.
Moody, the plaintiff, who went into possession of the premises
thereunder; she and her husband at the same time executing to
said John Moody their bond and a mortgage on the premises, to
secure a portion of the purchase-price. On January 29th, 1877,
the defendant, Samuel H. Moody, received a deed of the same
premises from said John Moody, which deed was recorded before
that of the plaintiff. In an action brought to have the defend-
ant's deed adjudged to be void, the defendants, among other
defenses, alleged that the conveyance to plaintiff was procured
by means of fraud and circumvention, and by way of counter-
claim demanded an avoidance of said conveyance. Evidence
to establish such defense was, on the trial, held inadmissible. and
excluded.

*Frank E. Blackwell*, for the appellants. If the deed to plaintiff had been procured by fraud, duress, or undue influence on the part of the plaintiff, and was fraudulent and void, the plaintiff took no title legal or equitable by it, and her grantor could have had it set aside. (*Root* v. *French*, 13 Wend., 570; *Crary* v. *Goodman*, 22 N. Y., 177; *Van Cleef* v. *Fleet*, 15 Johns., 147; *Cary* v. *Hotailing*, 1 Hill, 311; *Allison* v. *Matthieu*, 3 Johns., 235–238, and cases cited by COWEN, J., in *Cary* v. *Hotailing, supra.*) The subsequent conveyance of the same property to the defendant Samuel H. Moody transferred to said defendant the right to have the plaintiff's deed set aside. (*McMahon* v. *Allen*, 35 N. Y., 403; *Dickinson* v. *Burrell*, 1 Law Rep. Eq. Cas., 337; *Harrison* v. *Guest*, 6 De G. M. & G., 424; *Gresley* v. *Mousley*, 4 De G. & J., 78; *Longmate* v. *Ledger*, 2 Giff., 157; *Bellamy* v. *Sabine*, 2 Phillips, 425; *Stump* v. *Gaby*, 2 De G. M. & G., 623.) The possession of the premises by the plaintiff did not render defendant's deed void for champerty under the statute. The claim must be under a title adverse to the grantor. (*Newton* v. *McLean*, 41 Barb., 285; *Crary* v. *Goodman*, 22 N. Y., 170; *Requa* v. *Holmes*, 26 id., 338; *Sayres* v. *Rathbone*, 9 Abb. Pr. [N. S.], 277.) A deed fraudulently obtained is not available, as the foundation of an adverse possession, so as to avoid a subsequent conveyance. (*McMahon* v. *Allen, supra ; Dickinson* v. *Burrell, supra ; Livingston* v. *The Peru Iron Co.*, 9 Wend., 511.)

*W. J. Foster*, for the respondent. An unrecorded conveyance divests the owner of any interest so that a subsequent sale or execution against him passes nothing. (*Jackson* v. *Town*, 4 Cow., 599; *Tuttle* v. *Jackson*, 6 Wend., 213; *Trenton Banking Co.* v. *Duncan*, N. Y. Daily Reg., May, 28, 1878.) The plaintiff having entered and continued in actual possession under her deed, her possession was notice to the world. (*Tuttle* v. *Jackson*, 6 Wend., 213; *Wright* v. *Douglass*, 10 Barb., 97; *Troup* v. *Hurlbut*, 10 id., 354; *Raynor* v. *Timerson*, 54 N. Y., 639; *Cavalli* v. *Allen*, 57 id. [opinion], 517.) Plaintiff's possession was an adverse holding, and the second deed was absolutely void. (1 R. S. [Edmonds], 690, § 147; *Schott* v. *Schwartz*, 48 N. Y., 666.)

GILBERT, J.:

This is an action to remove a cloud upon the plaintiff's title to certain lands, by avoiding a conveyance to the defendant Samuel. On and before December 9, 1876, John Moody was the owner and in possession of the lands in controversy, and on that day he conveyed the same to the plaintiff. On the 31st of January, 1877, John Moody conveyed the same lands to the defendant Samuel. The latter conveyance was first recorded. After the conveyance to the plaintiff, John Moody continued to reside with her, on the premises conveyed, up to the time of the trial. One defense set up was that the conveyance to the plaintiff was procured by her by means of fraud and circumvention, and the defendant, by way of counter-claim, demanded an avoidance of such conveyance. Evidence to establish such defense was held to be inadmissible and excluded, and the defendants excepted.

I think that the evidence was competent. If the deed to the plaintiff was fraudulently obtained, it was a nullity, and gave to her not even a colorable title. The defendants' title, therefore, was not affected by the provision of the Revised Statutes respecting champerty. (1 R. S., 739, § 147.) That statute only avoids grants of lands which, at the time of the delivery thereof, are in the actual possession of a person claiming *under a title* adverse to that of the grantor. Assuming, as we must, in determining this question, that the deed to the plaintiff was void, her claim was not under an adverse title, but under no title at all. (*Crary* v. *Goodman*, 22 N. Y., 170; *McMahon* v. *Allen*, 35 id., 403.)

Whether the conveyance to the defendant Samuel, therefore, was voluntary, or for a valuable consideration, he had a right to institute a suit to set aside the deed to the plaintiff on the grounds set up by him without making the grantor a party. The right to set aside a conveyance on equitable grounds passes by grant or devise and descends to the heirs. Such right is incidental to the property conveyed. (*Dickinson* v. *Burrell*, 1 L. R. Eq. Cas., 337; *McMahon* v. *Allen*, 35 N. Y., 403.) It is a cause of action arising out of the transaction set forth in the complaint, and constitutes a counter-claim within the words of the Code of Civil Procedure. (§ 501.)

I entertain no doubt that the judgment is erroneous. It must

therefore be reversed and a new trial must be granted, with costs to abide the event.

Bᴀʀɴᴀʀᴅ, P. J., concurred; Dʏᴋᴍᴀɴ, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.